UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AMBER LEE BUTLER**                                                **CIVIL ACTION**

**versus**                                                          **NO. 14-2962**

**WARDEN JAMES ROGERS**                                             **SECTION: "C" (1)**

REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Amber Lee Butler, is a state prisoner incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. On May 21, 2012, she pleaded guilty under Louisiana law to one count of armed robbery and one count of use of a firearm to commit an

armed robbery. On that same date, she was sentenced to a term of ten years imprisonment on the former conviction and to a term of five years imprisonment on the latter conviction. It was ordered that those sentences be served consecutively and without benefit of probation, parole, or suspension of sentence.[1] However, on July 9, 2012, the state district court granted the state's motion to reconsider sentence and resentenced her on the former conviction to a consecutive term of fifteen years imprisonment without benefit of probation, parole, or suspension of sentence.[2] On January 23, 2014, the Louisiana First Circuit Court of Appeal affirmed petitioner's convictions and sentences.[3] The Louisiana Supreme Court then denied her related writ application on September 19, 2014.[4]

On or about December 19, 2014, petitioner filed the instant federal application seeking *habeas corpus* relief.[5] The state concedes that the application is timely.[6]

## Petitioner's Claims

In the state criminal proceedings, defense counsel filed a motion to quash the second count of the bill of information which charged petitioner with using a "firearm" to commit the armed

---

[1] State Rec., Vol. I of II, transcript of May 21, 2012; State Rec., Vol. I of II, minute entry dated May 21, 2012.

[2] State Rec., Vol. I of II, transcript of July 9, 2012; State Rec., Vol. I of IV, minute entry dated July 9, 2012.

[3] State v. Butler, No. 2012 KA 1815, 2014 WL 265833 (La. App. 1st Cir. Jan. 23, 2014); State Rec., Vol. II of II.

[4] State v. Butler, 148 So.3d 952 (La. 2014); State Rec., Vol. II of II.

[5] Rec. Doc. 1.

[6] Rec. Doc. 10, p. 2.

robbery, a factor which triggers an additional penalty under state law. Defense counsel argued that a BB gun had been used during the robbery and that such a weapon should not be considered a "firearm."[7] The state district court denied that motion.[8] Petitioner then subsequently pleaded guilty to both armed robbery and the additional penalty for using a "firearm," subject to the reservation of her right to appeal the denial of the motion to quash. On direct appeal, the Louisiana First Court of Appeal then affirmed her convictions and sentences, holding:

> [T]he defendant argues the trial court erred in denying the motion to quash count II, because La. R.S. 14:64.3 requires use of a "firearm," and she only used a BB gun.
>
> The motion to quash is essentially a mechanism by which to raise pretrial pleas of defense, i.e., those matters that do not go to the merits of the charge. See La. C. Cr. P. arts. 531-534; State v. Beauchamp, 510 So.2d 22, 25 (La.App. 1st Cir.), writ denied, 512 So.2d 1176 (La. 1987). It is treated much like an exception of no cause of action in a civil suit. Beauchamp, 510 So.2d at 25.
>
> In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars and determine, as a matter of law and from the face of the pleadings, whether or not a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. The question of factual guilt or innocence of the offense charged is not raised by the motion to quash. Beauchamp, 510 So.2d at 25.

---

[7] State Rec., Vol. I of II. Louisiana law provides:

> When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

La. Rev. Stat. Ann. § 14:64.3(A). The statute does not define the word "firearm."

[8] State Rec., Vol. I of II, minute entry dated May 9, 2012.

- 3 -

> The motion to quash argued that the indictment charged an offense that is not punishable under a valid statute because "[t]he State is attempting to qualify a dangerous weapon already addressed in the primary charge as a 'firearm' to tack on additional charges against the defendant." The bill of information set forth the charges as follows:
>
> > COUNT I
> >
> > R.S. 14:64 ARMED ROBBERY, by the intentional taking of property having value from the person of another or which is in the immediate control of another, namely Bernaldo Santos and Gabriel Alonzo, by use of force or intimidation while armed with a dangerous weapon, to-wit: gun.
> >
> > COUNT II
> >
> > R.S. 14:64.3 ARMED ROBBERY; USE OF FIREARM; ADDITIONAL PENALTY, by committing an armed robbery when the dangerous weapon used in the commission of the crime of armed robbery is a firearm.
>
> The record does not indicate the defense requested a bill of particulars.
> The instant claim was a defense on the merits and thus could not properly be raised by a motion to quash. See State v. Rembert, 312 So.2d 282 (La. 1975).
> This assignment of error is without merit.[9]

The Louisiana Supreme Court thereafter denied petitioner's related writ application without assigning reasons.[10]

---

[9] State v. Butler, No. 2012 KA 1815, 2014 WL 265833 (La. App. 1st Cir. Jan. 23, 2014); State Rec., Vol. II of II.

[10] State v. Butler, 148 So.3d 952 (La. 2014); State Rec., Vol. II of II.

In this federal proceeding, petitioner claims that the state district court erred in denying her motion to quash and that the appellate courts erred in not reversing the district court's ruling. She contends that a motion to quash was a proper procedural vehicle to assert her argument that, because the weapon in question was only a BB gun, she could not be charged with using a "firearm" to commit the armed robbery.

The fatal flaw with respect to petitioner's claims is that they do not concern federal law. That is critical because federal *habeas corpus* relief may be granted only to remedy violations of the Constitution and laws of the United States. 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983). As noted below, petitioner's claims concern only state law issues.

The question of the type of issues which may and may not be raised in a motion to quash under articles 531-534 of the Louisiana Code of Criminal Procedure turns on state procedural law. Although petitioner argues that the state courts misapplied state law on that question, she made that same argument to the Louisiana Supreme Court, and that court denied her writ application. The state courts have therefore decided this issue against her, and the federal courts have no authority to overrule or second-guess the state courts' rulings on the interpretation or application of their own procedural rules. It is beyond cavil that the state courts are the final arbiters of state law. See Levy Gardens Partners 2007, L.P. v. Commonwealth Land and Title Insurance Co., 706 F.3d 622, 629 (5th Cir. 2013) ("The principle that state courts are the final arbiters of state law is well-settled."); Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. We do not sit as a 'super' state supreme court in such a proceeding to review errors under state law." (internal citation and quotation

marks omitted)); see Charles v. Thaler, 629 F.3d 494, 500-01 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law. When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions are state law."). Further, even if this Court were able to review the state courts' interpretation of state law on this matter, it is clear that the state court ruling was correct. As the Louisiana Supreme Court has explained:

> In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and *from the face of the pleadings*, whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. *The question of factual guilt or innocence of the offense charged is not raised by the motion to quash.*

State v. Perez, 464 So.2d 737, 739-49 (La. 1985) (citations omitted; emphasis added); cf. State v. Rembert, 312 So.2d 282, 284 (La. 1975) (holding that a motion to quash was an improper vehicle to argue that a can of Mace did not qualify as a "dangerous weapon" in order to support an aggravated battery charge, noting that "[t]he question of whether an instrumentality, as used in a crime, is in fact a dangerous weapon is ordinarily a question for determination at the trial on the merits, not at a motion to quash").

The undersigned also notes that petitioner makes additional allegations scattered throughout her federal petition. Even if those allegations were considered "claims," and even if

those "claims" had been properly exhausted, which they were not,[11] the undersigned notes that they likewise would not provide a basis for federal relief.

For example, petitioner contends that the word "firearm" as used in La. Rev. Stat. Ann. § 14:64.3 should be narrowly defined and not encompass a BB gun. However, that presents an issue of state substantive law and, like the foregoing issue concerning the interpretation of state procedural law, its resolution is therefore left to the state courts. It simply is not appropriate for a federal *habeas* court to resolve the proper definition of an element of a state criminal law, especially where, as here, the petitioner has not afforded the state courts an opportunity to address the issue.

Petitioner also contends that "it would have been impossible for a jury to have found her guilty beyond any reasonable doubt."[12] She rests that contention on her allegation that she did

---

[11] Federal law generally requires that, before seeking federal relief with respect to a claim, a petitioner first exhaust her remedies in the state courts. 28 U.S.C. § 2254(b)(1). Regarding that exhaustion requirement, the United States Fifth Circuit Court of Appeals has held:

> [A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (emphasis added); see also Carty v. Thaler, 583 F.3d 244, 254 (5th Cir. 2009) ("Fair presentation does not entertain presenting claims for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor. The purposes of the exhaustion requirement would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it." (citation and quotation marks omitted)). Here, the only claim petitioner fairly presented to the Louisiana Supreme Court was whether, as a matter of state procedural law, a motion to quash was the correct vehicle to argue that a BB gun does not qualify as a "firearm" for the purposes of La. Rev. Stat. Ann. § 14:64.3(A).

[12] Rec. Doc. 1, p. 32.

not *personally* wield *any* weapon, noting that her "accomplices were equipped with a BB gun; the Petitioner had no weapon at all."[13]  However, any consideration of that issue is foreclosed by the fact that she *pleaded guilty*.  As the United States Supreme Court has explained:

> A guilty plea is more than a confession which admits that the accused did various acts.  It is an admission that he committed the crime charged against him.  By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.

United States v. Broce, 488 U.S. 563, 570 (1989).  Cf. McQueen v. Tanner, Civ. Action No. 10-3649, 2011 WL 692033, at *4 (E.D. La. Feb. 3, 2011) ("Petitioner, under oath and with the assistance of counsel, admitted his guilt by virtue of his plea and testified that he had in fact committed the offense.  That plea relieved the state of its obligation to bring forth any of its evidence ...."), adopted, 2011 WL 690532 (E.D. La. Feb. 18, 2011); Patrick v. Dretke, No. 3:01-CV-1683, 2004 WL 915591, at *12 (N.D. Tex. Apr. 28, 2004) ("[B]y his guilty plea, petitioner relieved the State of its burden to put forth evidence sufficient to sustain his conviction.  By entering said plea, petitioner waived his right to demand any evidence to sustain his conviction."), adopted, 2004 WL 1108500 (N.D. Tex. May 14, 2004).  Second, in any event, petitioner's underlying contention is based on a misunderstanding of the law – because she was a principle to the crime, she could be found guilty of armed robbery regardless of whether or not she actually held a weapon herself.  See, e.g., State v. Franklin, 142 So.3d 295, 301 (La. App. 5th Cir. 2014) ("The state may prove a defendant guilty by showing that he served as a principal to the crime by aiding another.  Under this theory, the defendant need not actually take anything to be found guilty of the crime of armed robbery.  Additionally, a defendant convicted as a principal to armed robbery need not have

---

[13] Rec. Doc. 1, p. 26.

personally held a weapon to be guilty." (citation omitted)), writ denied, 2015 WL 918684 (La. Feb. 13, 2015); State v. Huey, 142 So.3d 27, 30 (La. App. 1st Cir.) (same), writ denied, 149 So.3d 795 (La. 2014), cert. denied, 2015 WL 852511 (U.S. 2015).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Amber Lee Butler be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this sixth day of April, 2015.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.